UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61204-CIV-COHN/SELTZER

PATRICKA R. FORDE,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** is before the Court on Defendant National Enterprise Systems, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 15] ("Motion"). The Court has considered the Motion, Plaintiff Patricka R. Forde's Response to Order to Show Cause [DE 21], and the record in this case, and is otherwise advised in the premises.

On May 24, 2011, Plaintiff filed this action for claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA"). Complaint [DE 1]. The Complaint alleges federal question jurisdiction over the FDCPA claims and supplemental jurisdiction over the TCPA claim. See id. ¶ 2.

On August 19, 2011, pursuant to Plaintiff's Notice of Acceptance of Defendant's Offer of Judgment [DE 11] and Motion for Entry of Partial Judgment [DE 12], the Court entered Partial Judgment in favor of Plaintiff and against Defendant with respect to Plaintiff's FDCPA claims. Accordingly, the only remaining claim in this action is

Plaintiff's TCPA claim.

The instant Motion requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) "[b]ecause jurisdiction over the only remaining claim, Plaintiff's TCPA claim, lies in state court, and there exists no continued basis for this Court to exercise supplemental jurisdiction."  Mot. at 2.  The Eleventh Circuit has ruled that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]." Nicholson v. Hooters of Augusta, 136 F.3d 1287, 1289 (11th Cir. 1998), modified, 140 F.3d 898 (11th Cir. 1998)).  Therefore, there is no remaining basis for original jurisdiction over this case.  A "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Plaintiff agrees that there is no independent federal question jurisdiction for a claim under the TCPA, but requests that the Court use its discretion to continue exercising supplemental jurisdiction over the claim.  Resp. at 1-2.  In support of her request, Plaintiff suggests that the Court should consider that the parties "have had three months out of a four month discovery period[] to conduct discovery," id. at 2, and that courts may consider the extent of the parties' discovery efforts and the burden the parties will bear by having to relitigate their issues in state court, see id.  However, discovery regarding the TCPA claim in this case is not complete, and Judge Seltzer has refrained from ruling on any discovery motions pending this Court's ruling on the instant Motion.  See, e.g., Motion to Compel [DE 13] (noting Defendant objected to discovery requests due to Court's potential lack of jurisdiction); Paperless Order [DE 20] (canceling Defendant's corporate representative's deposition given this Court's Order to

2

Show Cause regarding lack of subject matter jurisdiction).  Plaintiff has pointed to no specific discovery efforts that would be duplicative in a separate state court action.  The Court finds no other reason to continue exercising supplemental jurisdiction over the TCPA claim in this case.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant National Enterprise Systems, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 15] is **GRANTED**.  Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA") is **DISMISSED without prejudice**.  It is further

**ORDERED AND ADJUDGED** that any pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of August, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF