UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61204-CIV-COHN/SELTZER

PATRICKA R. FORDE,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES

**THIS CAUSE** is before the Court on Plaintiff Patricka R. Forde's Verified Motion for an Award of Costs and Attorney's Fees [DE 23] ("Motion"). The Court has considered the Motion, the Brief in Support of the Motion [DE 24] ("Brief"), the Declaration of Donald A. Yarbrough [DE 25] ("Yarbrough Declaration"), Defendant National Enterprise Systems, Inc.'s Response [DE 26], Plaintiff's Reply [DE 27], the Supplemental Declaration of Donald A. Yarbrough [DE 28] ("Yarbrough Supplemental Declaration"), and is otherwise fully advised in the premises.

### I. BACKGROUND

On May 24, 2011, Plaintiff Patricka R. Forde filed this action against National Enterprise Systems, Inc. for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA") [DE 1]. On August 19, 2011, the Court entered a Partial Judgment [DE 17] on the FDCPA claims, and on August 30, 2011, the Court entered an Order Granting Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 22],

dismissing without prejudice the remaining TCPA claim.

On October 18, 2011, Plaintiff filed the instant Motion, requesting $4,770.50 in attorney's fees and $380.00 in costs. On November 22, 2011, Plaintiff filed the Yarbrough Supplemental Declaration, requesting an additional $1,022.00 in attorney's fees incurred since filing the instant Motion.

## II.  DISCUSSION

In an individual action under the FDCPA, in addition to damages, a debt collector may be liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). Defendant does not dispute that Plaintiff is entitled to some amount of attorneys's fees in this case. See Resp. at 14; see also 15 U.S.C. § 1692k(a)(3). The only contention is the amount of fees to which she is entitled.

### A. Attorney's Fees

The FDCPA entitles the prevailing party to a "reasonable attorney's fee." 15 U.S.C. § 1692k(a)(3). A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what fee constitutes a "reasonable" hourly rate and

what number of compensable hours constitute a "reasonable" number of hours, a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Accord Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[1] In addition, a district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### 1. Reasonable Hourly Rate

The first step in calculating the lodestar amount is determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id. Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. Id.

Plaintiff was represented in this litigation by Donald A. Yarbrough. The Motion, as well as the Yarbrough Declaration and the Invoices [DE's 25-1, 28-1] attached to the Yarbrough Declaration and Supplemental Yarbrough Declaration, identify Mr.

---

[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

Yarbrough's billing rate as $350 per hour. Mot. ¶ 9; Yarbrough Decl. ¶ 13; Invoices. However, Defendant contends that "[b]ased upon Attorney Yarbrough's level of experience and the routine nature of this case, his rate should be no more than $300 an hour." Resp. at 12.

According to the Yarbrough Declaration, Mr. Yarbrough's rate used to be $300 per hour, but he is now in his twelfth year of practice as an attorney, and he has extensive experience in consumer debt collection. Yarbrough Decl. ¶ 13. Mr. Yarbrough highlights that he has been awarded $350 per hour in a number of other cases in this district. Id.[2] Defendant responds that "[i]n the cases cited by Plaintiff's counsel to support a $350 hourly rate, it appears that rarely was his rate contested." Resp. at 10. Additionally, Defendant emphasizes that numerous cases in this district have awarded Mr. Yarbrough only $300 an hour. See id. at 11-12.[3] In light of the

---

[2] See also, e.g., Karns v. Frank S. Falzone, Case No. 10-60521-LENARD/O'SULLIVAN, DE's 88, 89 (S.D. Fla. Nov. 4, 2011) (awarding fees at $350 hourly rate); Manfred v. Pentagroup Fin., LLC, Case No. 10-61378-CIV-DIMITROULEAS/SNOW, DE's 24, 23 (S.D. Fla. Oct. 19, 2011) (same); Sclafani v. Receivables Performance Mgmt., Inc., Case No. 10-60742-CIV-JORDAN/O'SULLIVAN, DE 69 (S.D. Fla. Oct. 7, 2011) (same); Bianchi v. Bronson & Migliaccio, LLP, Case No. 09-61164-CIV-UNGARO/SIMONTON, DE 86 (S.D. Fla. Feb. 2, 2011) (awarding Mr. Yarbrough $350 per hour even when case was not novel or difficult); Manfred v. Vision Credit Solutions, LLC, Case No. 10-60620-CIV-COHN/SELTZER, DE's 14, 12 (S.D. Fla. Jan. 5, 2011) (awarding fees at $350 hourly rate); Crescenzo v. Law Offices of Douglas R. Burgess, LLC, Case No. 09-61456-CIV-DIMITROULEAS/SNOW, DE 27; DE 26 (S.D. Fla. Oct. 15, 2010) ("the rate of $350.00 per hour is within the range of rates charged in the South Florida community for similar services by lawyers of reasonably comparable skills, experience and reputation.").

[3] See also, e.g., Bryant v. CAB Asset Mgmt., LLC, Case No. 10-61514-CIV-HUCK, DE 23 (S.D. Fla. April 6, 2011) (awarding $300 per hour and finding no support for an hourly rate of $350 where case was not novel or difficult); Harmon v. Collection Info. Bureau, Inc., Case No. 10-80727-CIV-DIMITROULEAS/SNOW, DE 41 (S.D. Fla. June 28, 2011) (finding rate of $300 to be within range of prevailing market rates for

parties' arguments, the record evidence, and the case law in this district, the Court finds that a billing rate of $325.00 per hour is reasonable.

### 2. Reasonable Number of Hours Expended

As noted above, the second step in calculating the lodestar amount involves determining whether counsel expended a reasonable number of hours on the case. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation. See Barnes, 168 F.3d at 427.

The Motion seeks reimbursement for 13.63 hours spent litigating this case, and the Yarbrough Supplemental Declaration seeks reimbursement for an additional 2.92 hours spent litigating this Motion. Defendant argues that Plaintiff should not be allowed to recover (1) fees incurred after the offer of judgment, (2) fees for work that was "secretarial or paralegal in nature," (3) fees for time spent that was "unnecessary discovery and related to the TCPA claim," and (4) fees for time spent on this Motion.

---

similar services by lawyers of comparable skills, experience, and reputation); Scanlan v. Focus Receivables, Mgmt. LLC, Case No. 10-60715-CIV-MOORE, DE 28 (S.D. Fla. July 27, 2011) (paperless order awarding $300 rate and stating, "given that this particular matter was not 'novel or difficult,' this Court agrees with the Report that an hourly rate of $350.00 for counsel Donald Yarbrough would be excessive."). Defendant also points to several cases in which Judge William Zloch has awarded Mr. Yarbrough only $250 per hour. Resp. at 10; see also Sclafani v. Allianceone Receivable Mgmt. Inc., 09-61675-CIV-ZLOCH, DE 79 (S.D. Fla. Sept. 28, 2011) ("the Court is satisfied that a reasonable loadstar for Mr. Donald A. Yarbrough, Esq. is $250.00 per hour"); Berg v. Regional Adjustment Bureau, Inc., 10-60645-CIV-ZLOCH, DE 57 (S.D. Fla. Sept. 23, 2011) (same); Waltman v. Nationwide Credit, Inc., 10-60588-CIV-ZLOCH, DE 59 (S.D. Fla. Aug. 26, 2011) (same).

See Resp.  The Court addresses each argument in turn.

First, Defendant contends that Plaintiff should not recover fees for any work after July 29, 2011, when Defendant served Plaintiff with its offer of judgment pursuant to Federal Rule of Civil Procedure 68.  Resp. at 6-8.  Rule 68 provides, "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  The rule does not speak to recovery of costs incurred when an offer is accepted, nor does it address recovery of fees that are separate from costs.  See id.  Indeed, courts in this district have held that in an FDCPA action, attorney's fees are not limited by Rule 68 because the FDCPA statute specifically distinguishes between costs and fees.  See 15 U.S.C. § 1692k(a)(3) (in addition to damages, collector may be liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court."); see also Wallace v. Collection Info. Bureau, Case No. 07-80941-CIV-HURLEY/HOPKINS (S.D. Fla. Sept. 8, 2008) ("Defendant argues that Rule 68 precludes Plaintiff from recovering any attorney's fees generated after the offer of judgment.  This Court disagrees . . . . [T]he cost shifting provision of Rule 68 does not preclude Plaintiff from recovering attorney's fees incurred after the date of the offer.").  Further, in the offer of judgment that Plaintiff accepted, Defendant specifically offered to pay "reasonable attorney's fees and costs as determined to be recoverable by the Court related to the FDCPA claims."  Offer of Judgment [DE 11-1].  Thus, the Court will not reduce the attorney's fee award based solely on the fact that certain fees were accrued after the offer of judgment.  The Invoice [DE 25-1] demonstrates that the time spent on this case after July 29, 2011 included tasks such as preparing and reviewing filings

related to mediation, corresponding with opposing counsel, reviewing and accepting the offer of judgment, moving for partial judgment, and responding to Defendant's motions and the Court's orders. The Court finds that the time spent on these tasks was reasonable.

Second, Defendant objects to any time spent that was "secretarial or paralegal in nature." Resp. at 8-9. Defendant cites no authority in support of its contention that reviewing the return of service, drafting correspondence to opposing counsel, preparing disclosures and request for production, and preparing other court filings, is purely secretarial or paralegal. See id. at 8-9. Contrarily, the Court finds it appropriate for counsel to correspond with opposing counsel and to prepare the discovery and court filings described.

Third, Defendant objects to any time spent that constituted "unnecessary discovery and [was] related to the TCPA claim." Resp. at 9. In her Reply, Plaintiff "concedes that her Motion to Compel (DE 13) concerns discovery relative to her claims under the [TCPA] and thus withdraws her request for 2.0 hours to prepare the motion." Reply at 5. Plaintiff "also withdraws her request for .33 hours to prepare the notice of taking Defendant's deposition, and .08 hours to draft correspondence to opposing counsel regarding Plaintiff's Motion to Compel." Id. at 7. The remaining items that Defendant lists under this objection were neither unnecessary nor related solely to the TCPA claim. Plaintiff's Motion represents that the hours for which Plaintiff seeks fees "would have been incurred even in the absence of the TCPA claim." Mot. ¶ 8. For instance, as Plaintiff notes, "As to reviewing Defendant's responses to Plaintiff's production request, the responses were served prior to Defendant's offer of judgment,

and were relevant and necessary to Plaintiff's FDCPA claim."  Reply at 7-8.  Tasks such as reviewing the Court's orders and clerk's notices, complying with the Local Rules and the Court's orders (such as scheduling mediation), and responding to Defendant's motions were also necessary in this litigation, and the time spent on such tasks was reasonable.

Finally, despite Defendant's objection, the Court will award fees for time incurred litigating this Motion.  Time incurred in seeking attorney's fees is compensable.  See, e.g., Wayne E. Small v. Absolute Collection Serv., Inc., Case No. 04-61196-CIV-JORDAN/BROWN, DE 85 at 6 (S.D. Fla. Jan. 17, 2006) ("it is well established that a successful plaintiff in a[n FDCPA] case is entitled to an award of attorneys' fees and costs for the fees and costs incurred with respect to the litigation of plaintiff's motion for fees and costs."); see also Johnson v. State of Miss., 606 F.2d 635, 638 (5th Cir. 1979)[4] ("We conclude that attorney's fees may be awarded for time spent litigating the fee claim."); Manfred v. Pentagroup Fin., LLC, Case No. 10-61378-CIV-DIMITROULEAS/SNOW, DE 23 at 4 (S.D. Fla. Oct. 19, 2011) (awarding fees for two hours spent on motion for fees).  Defendant cites no authority to the contrary.

In light of these circumstances, the Court finds that Plaintiff is entitled to recover attorney's fees for 11.22 hours spent on this case and 2.92 hours spent on this Motion.  The total 14.14 hours represent a reasonable amount of time.

---

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

### 3. Lodestar Amount

Multiplying the reasonable hourly rate ($325.00) by the reasonable number of hours expended (14.14) results in a total lodestar amount of $4595.50. Therefore, the Court will award Plaintiff $4595.50 in attorney's fees.

### B. Costs

In addition to attorney's fees, the Motion seeks to recover $380.00 in costs and litigation expenses incurred in this matter. Defendant does not object to this request. See Resp. In support of the request for costs, Plaintiff submits two receipts. See Receipts [DE 25-2]. The first is a $350.00 receipt for the filing fee, and the second is a $30.00 receipt for the cost of service of process. See id.; see also Invoice [DE 25-1]. These costs are taxable pursuant to 28 U.S.C. § 1920(1). Therefore, the Court will award Plaintiff $380.00 in costs.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 23] is **GRANTED in part and DENIED in part**;

2. Plaintiff is awarded a total of $4975.50 for attorney's fees and costs, which includes $4595.50 in attorney's fees and $380.00 in costs;

3. The Court will enter a separate judgment for fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF